UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 06-507 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| S. W. ORNOSKI; et al., | |
| Defendants. | |

Homer E. Hawkins, currently in custody at Ironwood State Prison and formerly in custody at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court dismissed his complaint, second complaint, and supporting complaint (all of which were filed before the initial review), with leave to amend to file a single amended complaint. The court provided very detailed instructions to Hawkins about the problems he had to cure in his amended complaint. The amended complaint is now before the court for initial review under 28 U.S.C. § 1915A.

The amended complaint does not cure the deficiencies identified in the Order Of Dismissal With Leave To Amend. Hawkins alleges that he was transported from county jail to San Quentin on December 28, 2005, and was promptly taken to the dining hall for dinner where he and other arrivals got their food trays and were made to sit at a table. Some sort of disturbance occurred in which the existing inmates apparently rushed at the new inmates, but Hawkins does not allege he was harmed in any way. He has not alleged a constitutional violation for this event that apparently was nothing more than frightening to him. The claim is dismissed.

Next, Hawkins alleges that he and other level 4 inmates were required to eat cold food in their cells from January 4, 2006, through February 7, 2006 due to the decision of an unidentified administration official. He states that the paper plates became soggy and food would fall off them; he appears to state that the hot food was replaced with cold sack lunches. Hawkins does not link any defendant to this claim, despite the court's direction that he needed to do so. Order Of Dismissal With Leave To Amend, p. 6. Additionally, a month of cold food does not rise to the level of an Eighth Amendment violation, which requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).

Hawkins' amended complaint also alleges sweeping generalities about San Quentin living conditions (e.g., inadequate clean clothing, exercise and religious activities; small crowded cells; and a decaying physical plant) that he does not like. His allegations fail to comply with the court's order to allege facts showing his entitlement to relief from the defendants and, more importantly, fails to link a defendant to the claim. See Order Of Dismissal With Leave To Amend, p. 5 & n.1. The claim is dismissed.

Hawkins next alleges some wrongdoing in connection with a disciplinary proceeding, but his allegations are very difficult to understand. He states that sergeant Walker filed a rule violation report against him that either charged him with fabricating his charges or was a fabrication itself – his complaint is unclear on that point. Hawkins received discipline of some unexplained sort, and then Walker and Valdez apparently sat on an institutional classification committee that reviewed the discipline imposed on him. He contends that this was a due process violation, apparently referring to their review of the disciplinary decision and is not alleging that either was the hearing officer who conducted the disciplinary hearing. The due process rights afforded a prisoner in prison disciplinary matters do not include a right to have someone who was involved in charging the prisoner with the rule violation not sit on the committee that reviews the disciplinary decision. See Wolff v. McDonnell, 418 U.S. 539 (1974). Further, due to Hawkins' failure to identify the discipline that was imposed, one cannot

1 determine whether he even had a federal right to any procedural protections in the disciplinary
2 proceedings. The claim is dismissed

Hawkins next complains about his transfer. His counsel originally recommended him for transfer to a prison in Solano or Corcoran but, once aboard the transfer bus, Hawkins learned that his destination was Ironwood State Prison. He apparently believes that was improper because he had high blood pressure and blacked out a month after his transfer to Ironwood due to the heat. (Ironwood is in Blythe, California, which is in a desert.) Hawkins did not link any defendant to this claim, despite the court's direction that he had to do so. Order Of Dismissal With Leave To Amend, p. 6. To the extent Hawkins was trying to allege a medical claim, he did not allege that anyone connected with the transfer knew of any medical condition much less acted with deliberate indifference to it. See Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). The claim is dismissed.

The amended complaint discloses an exhaustion problem. The conditions of which Hawkins complains occurred after this action was initially filed on January 26, 2006. Hawkins therefore could not possibly satisfy the requirement that administrative remedies be exhausted before the action is filed rather than while it is pending. See 42 U.S.C. § 1997e(a). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

The court ordered Hawkins to file one and only one amended complaint because he had already filed three complaints in this action that all concerned life at San Quentin but complained about different problems. The court explained that, normally, the most recently filed pleading superseded all earlier pleadings, and that plaintiff's peculiar style, in which his later pleadings appeared to shift the focus of the action, was unacceptable. Order Of Dismissal With Leave To Amend, p. 5. The court explained that, if Hawkins filed more than one amended complaint without further court order, the court would disregard the extra amended complaints and might impose sanctions. Notwithstanding that advisement, plaintiff filed a "motion for notice of 'third parties' to be joinder of complaint's" that appears to be intended as an amendment to assert

3

claims based on acts and omissions at Ironwood State Prison and add as defendants several persons who are employed at Ironwood State Prison. The motion is DENIED because the claims and defendants sought to be added are not properly joined in this action. See Fed. R. Civ. P. 20(a). (Docket # 19.)

For the foregoing reasons, the amended complaint is DISMISSED for failure to state a claim upon which relief may be granted against a defendant. Further leave to amend will not be granted because it would be futile: the court has already permitted amendment after explaining in great detail what Hawkins needed to do to cure his pleading deficiencies and failed to do so. The failure to exhaust administrative remedies provides a separate and additional reason for dismissal. The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 4, 2008

_____
SUSAN ILLSTON
United States District Judge